**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10445 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-02061-PGR |
| v. | |
| ROGELIO ANDRES CRUZ, a.k.a. Rogelio Andres-Cruz, a.k.a. Julian Garcia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Rogelio Andres Cruz appeals from the 11-month sentence imposed upon

revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Andres Cruz contends the district court procedurally erred by failing to address the relevant 18 U.S.C. § 3553(a) sentencing factors and by relying on sentencing factors excluded from consideration under 18 U.S.C. § 3583(e). We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court adequately addressed the relevant section 3553(a) sentencing factors and did not rely on any impermissible factor. *See United States v. Miqbel*, 444 F.3d 1173, 1181-82 (9th Cir. 2006). The court's consideration of Andres Cruz's history of illegal reentries was not improper. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Andres Cruz also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Andres Cruz's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the totality of the circumstances and the section 3583(e) sentencing factors, the within-Guidelines sentence is substantively reasonable. *See* 18 U.S.C. § 3583(e); *Gall*, 552 U.S. at 51.

**AFFIRMED.**